UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------
                                    )
IN RE:                              )        CASE NO.        10-32502 (JBR)
                                    )
ELIAS MENDEZ and                    )        CHAPTER         11
ENID MENDEZ,                        )
                                    )        ECF NOS.        20, 22, 54
         DEBTORS.                   )
------------------------------------

## APPEARANCES

Peter L. Ressler, Esq.                       Attorney for Debtors
Groob, Ressler & Mulqueen, PC
123 York Street, Suite B
New Haven, CT 06511

Lee Kennedy Tiernan, Esq.                    Attorney for Movant Deutsche Bank
Law Offices of Lee K. Tiernan                National Trust Company
140 Captain Thomas Blvd., Suite 116
West Haven, CT 06516

## BRIEF MEMORANDUM AND ORDER

Joel B. Rosenthal, United States Bankruptcy Judge

Pending before the court are issues derived from two briefing orders issued by the court (LMW).

### I.   GENERAL BACKGROUND

On November 10, 2010, Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2006-1 (the "Movant") filed a motion for relief from stay (ECF No. 20, the "Motion") for the purpose of commencing a foreclosure action in respect of property located at 117 Lloyd Street, New Haven, Connecticut. The above-captioned debtors (the

"Debtors")[1] filed an objection (ECF No. 22, the "Objection") to the Motion. Subsequently, the Movant and the Debtor Elias Mendez (the "Debtor") entered into a stipulation with respect to the Motion and the Objection. (*See* ECF No. 53, the "Stipulation.") On March 8, 2011, the Movant filed that certain Motion To Approve Stipulation (ECF No. 54, the "Motion To Approve"). However, it appears that an order granting that motion never entered.

On April 20, 2012, the Movant filed that certain Affidavit of Non-Compliance (ECF No. 128, the "Affidavit of Non-Compliance") in which it asserted that the Debtor had failed to comply with the Stipulation and requested that relief from stay be granted in accordance with the Stipulation. The Debtor filed a Counter-Affidavit (ECF No. 130, the "Counter-Affidavit") stating (among other things) that the Movant had refused to accept payment from the Debtor. The Affidavit of Non-Compliance and the Counter-Affidavit has been continued from time to time by the parties and remain pending before the court.

On May 11, 2012, an order (ECF No. 136, the "Confirmation Order") confirming the Second Amended Plan of Reorganization (ECF No. 124, the "Plan"). Subsequently, the Movant sought to enforce its rights under the Stipulation.

## II. FIRST BRIEFING ORDER

On June 5, 2012, the court (LMW) issued that certain Order Requiring Briefing (ECF No. 141, the "First Briefing Order") of a discrete issue (the "Issue"): Is the Confirmation Order *res judicata* as to the Movant's rights with respect to its secured claim so that the Stipulation (to the extent that it otherwise would be enforceable, if any) now is unenforceable? Both the Debtor (ECF No. 143) and the Movant (ECF No. 144) filed briefs.

---

[1]   The subject debt appears to be solely the obligation of Debtor Elias Mendez.

The Movant's brief (among other things) asserts an objection to the (already confirmed) Plan (when the Movant did not initially object to the Plan) and reasserts why relief from stay should be granted in its favor. The Movant's brief did not address the Issue. Consequently, the court deems the Movant's brief nonresponsive to the Issue. The court is persuaded by the brief submitted by the Debtor and concludes that the Confirmation Order which confirmed the Plan that provided for treatment of the Movant's claim is *res judicata* with respect to the treatment of the Movant's claim and the Stipulation is no longer enforceable. *Cf. Sure-Snap Corp. v. State Street Bank and Trust Co.*, 948 F.2d 869 (2d Cir. 1991).

### III. SECOND BRIEFING ORDER

On December 20, 2012, the court (LMW) issued that certain Order Requiring Further Briefing and Scheduling Further Oral Argument (ECF No. 167, the "Second Briefing Order") in which the court noted certain "areas of concerns" in respect of confirmation in general and the Confirmation Order in particular. The Second Briefing Order required the Debtor and the Movant to file a brief addressing certain Questions delineated therein and provided that "[f]ailure of either party to file a [b]rief in accordance herewith may result in adverse action (*i.e.*, grant or denial of the Motion) being taken against such party without further notice or a hearing."

The Debtors filed a brief in response to the Second Briefing Order. The Movant did not file a brief. In accordance with the Second Briefing Order, because the Movant failed to file a brief, the court determines that the Movant has waived any issues in respect of the Questions raised in the Second Briefing Order.

On January 22, 2013, the Debtors filed that certain Proposed Corrected Order Confirming Second Amended Plan of Reorganization (ECF No. 171, the "Proposed Order") in which they

address the court's "areas of concern" with respect to the Confirmation Order. The Movant has not filed an objection to the Proposed Order. The court has reviewed the Proposed Order and will enter it as a Corrected Order Confirming Second Amended Plan of Reorganization.

## IV.  OTHER MATTERS

A hearing on the Motion, the Objection and the Motion To Approve was held on April 24, 2013. At that hearing, counsel for the Movant stated that the Debtors were delinquent in their Plan payment and sought an order granting the Motion. Counsel for the Debtors requested an evidentiary hearing. However, the Motion and the Objection were resolved by the Stipulation which the court has found to be unenforceable in light of the Confirmation Order. Consequently, the Motion and the Objection are now moot.[2] The Motion To Approve was in respect of the Stipulation as well. Similarly, the Motion To Approve is moot.

**NOW, THEREFORE,** it hereby is **ORDERED** that, for the reasons stated above, the Motion is denied as moot; and it is further

**ORDERED** that the Objection is overruled as moot; and it is further

**ORDERED** that the Motion To Approve is denied as moot.

May 8, 2013

Joel B. Rosenthal
U.S. Bankruptcy Judge

---

[2]  Any allegation that the Debtors are delinquent under the Plan must be made by a proper motion before the court.